UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

MARITZA Y. ARCHER,

    Plaintiff,

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC,

    Defendant.
_____/

## COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant mailed letters into this District.

## PARTIES

3.    Plaintiff, MARITZA Y. ARCHER, is a natural person, and citizen of the State of Florida, residing in Miami-Dade County, Florida.

4.    Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, is a limited liability company formed under the laws of the State of Delaware and citizen of the State

of Delaware with its principal place of business at Suite 100, 120 Corporate Boulevard, Norfolk, Virginia 23502.

5. Defendant is registered with the Florida Department of State as a foreign limited liability company. Its registered agent for service of process is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

6. Defendant is registered with the Florida Office of Financial Regulation as a consumer collection agency.

7. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts by sending thousands of debt collection letters and filing thousands of court cases seeking to collect consumer debts annually.

8. Defendants sole source of income arises from debt collection.

9. Defendants only business is the collection of debts.

## FACTUAL ALLEGATIONS

10. Over a decade ago, Plaintiff received a Walmart credit card issued by GE Money Bank, ("the Walmart card").

11. Plaintiff used the Walmart card to make purchases for her own personal, family and household use.

12. By late 2010, Plaintiff failed to make the payments on the Walmart card and the debt went into default with GE Money Bank.

13. On or about March 11, 2011, GE Money Bank charged off the Walmart card balance.

14. On or about March 31, 2011, GE Money Bank transferred, assigned or sold the Walmart card account to Defendant.

15. On or about February 25, 2014 Defendant filed suit against Plaintiff in Miami-Dade County seeking to collect the Walmart card debt. See Statement of Claim, attached as Exhibit "A."

16. On or about March 27, 2014 Defendant filed a voluntary dismissal with prejudice of the suit, attached as Exhibit "B."

17. As a result of the dismissal with prejudice the alleged debt was extinguished.

18. On or about March 17, 2020, Defendant sent Plaintiff a letter, ("the letter" or "collection letter"), attached as Exhibit "C".

19. The letter seeks to collect the extinguished debt.

20. The collection letter makes three separate offers to resolve the alleged debt.

21. The letter describes the three offers as "savings plans".

22. The representation that a "savings" could be had regarding a debt that was previously extinguished via dismissal with prejudice is false, deceptive and misleading.

23. There could never be a "savings" regarding a debt that no longer exists.

24. The letter falsely implies the existence of a debt.

25. The receipt of a letter on a long since extinguished debt, left Plaintiff with the impression that she might be sued again on this extinguished debt.

26. The letter leads the least sophisticated consumer to believe that if she does not "resolve" the account, she risks the possibility of a second litigation.

27. The letter falsely represents the legal status of the alleged debt.

28. The letter falsely implies the threat of litigation.

29. In considering a debt collection letter sent on a time-barred debt offering to "resolve" the debt the Eleventh Circuit held:

> We conclude that this language, taken in its entirety, could plausibly deceive or mislead an unsophisticated consumer as to the legal status of the debt, even in the absence of an express threat of litigation.

*Holzman v. Malcolm S. Gerald & Assocs., Inc.*, 920 F.3d 1264, 1272 (11th Cir. 2019)

## COUNT I
## FALSE REPRESENTATION OF THE LEGAL STATUS OF THE ALLEGED DEBT

30. Plaintiff incorporates Paragraphs 1 through 29.

31. Defendant's letter falsely represents the status of the alleged debt in violation of 15 U.S.C. §1692e (2)(A).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## DECEPTIVE AND MISLEADING THREAT OF LITIGATION

32. Plaintiff incorporates Paragraphs 1 through 29.

33. Defendant's letter deceptively and misleadingly implies the threat of litigation on a debt that was extinguished by a prior dismissal with prejudice in violation of 15 U.S.C. §1692(e).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT III
## CLAIMING THE RIGHT TO WHICH DEFENDANT KNOWS IT IS NOT ENTITLED IN VIOLATION OF THE FCCPA

34. Plaintiff incorporates Paragraphs 1 through 28.

35. Defendant claimed in its letter the right to collect a debt when Defendant knew it previously dismissed a suit for the very same debt against Plaintiff and thus had not right to collect in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT IV
## DECLARATORY RELIEF AND PERMANENT INJUNCTION

36. Plaintiff incorporates Paragraphs 1 through 28.

37. Pursuant to 28 U.S.C §§2201 and 2202, Plaintiff seeks a declaration that Defendant's letter's is in violation of the FCCPA.

38. Plaintiff seeks a permanent injunction prohibiting Defendant from continuing the collection of Plaintiff's debt.

WHEREFORE, Plaintiff requests that the Court enter judgment:

    a. declaring that Defendant's practices violate the FCCPA;

    b. permanently injoining Defendant from engaging in the violative practices;

    c. Attorney's fees, litigation expenses and costs of suit; and

    d. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

>DONALD A. YARBROUGH, ESQ.
>Attorney for Plaintiff
>Post Office Box 11842
>Ft. Lauderdale, FL 33339
>Telephone: 954-537-2000
>Facsimile: 954-566-2235
>don@donyarbrough.com
>
>By: s/ Donald A. Yarbrough
>    Donald A. Yarbrough, Esq.
>    Florida Bar No. 0158658